**UNITED STATES of America**

v.

**Gino MARTIN et al.**

**58 Cr. 143.**

United States District Court
N. D. Illinois, E. D.
Nov. 10, 1958.

Robert Tieken, U. S. Atty., Chicago, Ill., for the United States.

George F. Callaghan and Edward J. Calihan, Chicago, Ill., for Martin and others.

LA BUY, District Judge.

Certain books and records of companies which had business dealings with these defendants are sought to be introduced by the government under the "shop book rule", 28 U.S.C.A. § 1732.

Among these records are letters and reports from Dun & Bradstreet and others directed to these companies relating to the credit rating of the defendants which were received in response to inquiry of the companies in connection with an extension of credit to these defendants. The defendants oppose their inclusion as records of these companies made in the regular course of business.

Section 1732(a), 28 U.S.C.A., provides as follows:

"In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, * * * if made in regular course of any business, and if it was in the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. * * "

The purpose of this statute is to create an exception to the hearsay rule. Its basis was to facilitate admission of systematically entered records, which experience had shown to be trustworthy as routine reflections of day to day operations of a business, and to permit the introduction of these records without identifying, locating and calling as witnesses those who kept the records. The statute has been liberally construed, but it does not cover records kept which are outside the regular course of business, or records kept by persons outside the business. Cyc.Fed.Pro., Volume 8, ¶¶ 26.330, 26.331.

Do reports made by credit rating agencies and reference reports to business firms and retained by them in their records come within the statutory rule? It would be unrealistic not to recognize that in business dealings extension of credit is of vital importance and also that investigative reports would normally be kept in the business files of the creditor. The Supreme Court of the United States in Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 480, 87 L.Ed. 645, stated:

"* * * Regularity of preparation would become the test rather than the character of the records and their earmarks of reliability * * * acquired from their source and origin and the nature of their compilation. We cannot so completely empty the words of the Act of their historic meaning. If the Act is to be extended to apply not only to a 'regular course' of a business but also to any 'regular course' of conduct which may have some relationship to business, Congress not this Court must extend it. Such a major change which opens wide the door to avoidance of cross-examination should not be left to implication. Nor is it any answer to say that Congress has provided in the Act that the various circumstances of the making of the record should affect its weight not its admissibility. That provision comes into play only in case the other requirements of the Act are met."

It is important to note that the Dun & Bradstreet reports in the instant case are not prepared or made under the supervision or control of any employee

or officer of the creditor companies, and therefore are not records whose trustworthiness can be established by the testimony of any person who systematically kept or supervised the records of these companies. Such person could only testify to their receipt and retention and not to the trustworthiness of their contents. Such correspondence is not a representation or admission that the contents are comprised or taken from records made by the writers in the usual course of their business and cannot be held to be admissions of the truth of the statements contained therein. See Masterson v. Pennsylvania R. Co., 3 Cir., 1950, 182 F.2d 793.

It is the opinion of the court that letters and reports made by third persons, other than defendants, who are neither employees nor officers of the creditor companies, are not business records contemplated by the Act. It follows, therefore, that the objections of defense counsel to the admission in evidence of credit rating and reference reports must be sustained.